UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK MELVIN SHERMAN,<br><br>    Plaintiff,<br> v.<br><br>ANTHONY CORCELLA; CARLA OCAMPO; MAHBOOB ASHRAF, M.D.; KARA PHILLIPS; DAWN LEE; JOHN DOE BALLARO; MICHAEL MCDONALD; JANINE BRENNAN; C/O JANE DOE SAGON; C/O JOHN DOE GRIGGS; C/O JANE DOE DIAZ; and DONNA L. ADAMS-CONAHAN;<br><br>    Defendants, | Civil Action No.<br>3:19-cv-1889 (CSH)<br><br><br><br>JULY 16, 2020 |

## RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [Doc. 16]

**Haight, Senior United States District Judge:**

### I. INTRODUCTION

*Pro se* plaintiff Frank Melvin Sherman, an inmate currently incarcerated at the Garner Correctional Institution ("Garner"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against twelve Connecticut Department of Correction ("DOC") officials who were employed at Corrigan-Radgowski Correctional Center ("Corrigan"), the prison where he was previously housed, at all times relevant to his claims. Pursuant to 28 U.S.C. § 1915A, the Court has performed its mandatory screening of the Complaint [Doc. 1] by reviewing it to determine which, if any, of his § 1983 claims may proceed.

The Court's "Initial Review Order," filed contemporaneously with this Ruling, sets forth the following claims which may proceed in this action: Plaintiff's Eighth Amendment claims based on

1

deliberate indifference to his serious medical need for medical treatment and pain relief regarding his arthritis and bone degeneration against Lieutenant John Doe Ballaro, Advanced Practitioner Registered Nurse ("APRN") Dawn Lee, and Nurse Supervisor Kara Phillips; Plaintiff's Eighth Amendment claims based on deliberate indifference to his serious medical need for treatment of a second degree burn on his right foot against Registered Nurse ("RN") Michael McDonald and RN Donna Adams-Conahan; Plaintiff's Eighth Amendment claims for the use of "excessive force" (dragging Plaintiff from his cell to the medical unit by his arms in September 2019) against Lieutenant Ballaro; and Plaintiff's First Amendment retaliation claim against Lieutenant Ballaro. All of these claims may proceed against the defendants only in their individual capacities for money damages.

Pending before the Court is Plaintiff's "Motion for a Preliminary Injunction and Temporary Restraining Order" [Doc. 16].  In the motion, Plaintiff explains that he seeks relief in response to a 6/13/2020 Disciplinary Report ("D.R.") filed by an Officer Williams at Garner on June 13, 2020, reporting Plaintiff's failure to remove items covering his cell window on that date.  In particular, Plaintiff requests preliminary injunctive relief from this Court against "all officers [at Garner]," where he is currently housed, and especially against "Warden Jane Doe Hannah, Lieutenant John Doe Byars, Unit Manager G[ulf]-Pod at Garner," and "Unit Manager John Doe Lugo." Plaintiff asks the Court to enter an order barring all Garner correction officers from "harassing and giving D.R.s to Plaintiff [to prevent him] from blocking the light in his cell window because it give[s] him migraines and mental anxiety." Doc. 16, at 2.  Plaintiff also requests the Court to order that all such officers "desist and restrain from writing him D.R.[s] in [the] future and to dismiss the D.R. dated 6/13/2020," which was "written by C/O [Correction Officer] Williams" at Gulf Unit in Garner.  *Id.*

In addition, Plaintiff asks that he be allowed to cover his cell window, receive treatment for a "concussion" by "Gerald A. Valletta, M.D. at Garner," and be sent to an "outside neurologist" and a "mental health doctor" to determine "why bright light [a]ffects him mentally." *Id.* at 2-3. Finally, Plaintiff requests the Court to restrain Correction Officers Roach, Byars, and Williams "from retaliation" following the Court's ruling on this motion and expected entry of an "injunction and TRO." *Id.* at 3

## II. Standard of Review

Plaintiff's motion indicates that he seeks both a temporary restraining order ("TRO") and a preliminary injunction against various officials employed at Garner. "In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for issuance of a preliminary injunction." *UBS Fin. Servs., Inc. v. Junggren*, No. 3:11CV437 (MRK), 2011 WL 1831587, at *1 (D. Conn. Mar. 30, 2011) (citing *Romag Fasteners, Inc. v. J.C. Penney, Inc.,* No. 3:07cv1667 (JBA), 2007 WL 4225792, at *3 (D. Conn. Nov. 28, 2007) and *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). *See also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

The Second Circuit has "repeatedly said that district courts may grant a preliminary injunction [pursuant to Federal Rule of Civil Procedure 65] where a plaintiff demonstrates irreparable harm and meets either of two standards: '(a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor.'" *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635-36 (2d Cir. 2019)(quoting *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019)), *cert. granted*, 140 S. Ct. 660, 205 L. Ed. 2d 418 (2019). The burden on the moving party is

even higher where, as here, a party seeks a mandatory injunction – that is, an injunction that includes a command for a positive act, as opposed to one that merely maintains the status quo. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).

With respect to the presentation of evidence, a TRO may be issued *ex parte* provided "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).   In contrast, the Court often holds an evidentiary hearing with the relevant parties on a motion for preliminary injunction.[1] Nonetheless, "there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107 F.3d 979, 984 (2d Cir. 1997). *See also Wall v. Constr. & Gen. Laborers' Union*, 80 F. App'x 714, 716 (2d Cir. 2003) ("We agree with the district court's conclusion that an evidentiary hearing was not necessary to dispose of plaintiffs' motion" for preliminary injunction where plaintiffs "could not demonstrate that an evidentiary hearing would help resolve any factual issues."); *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 37 (2d Cir.1988) ("It is not a rigid requirement that oral testimony be taken

---

[1] The main differences between a TRO and preliminary injunction are: "first, that a TRO is often granted *ex parte* but thereafter has a limited lifespan and, second, that even where . . . there is a subsequent adversarial hearing on the TRO, it typically occurs before there has been extensive discovery." *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016). "Therefore, a TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)).  *See also Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007)).

on a motion for a preliminary injunction.") (citing *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir.1968)). In particular, "[a]n evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case . . . or when the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998).

Finally, "[a] preliminary injunction is an equitable remedy and an act of discretion by the court." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). It is "an extraordinary remedy never awarded as of right." *Bellamy v. Mount Vernon Hosp.*, No. 07 CIV. 1801 (SAS), 2009 WL 1835939, at *5 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010).

As to appellate review, absent special circumstances, "a TRO is interlocutory and is not technically an injunction" so "is ordinarily not appealable." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994). In contrast, a preliminary injunction is an interlocutory order granting an injunction under 28 U.S.C. § 1292(a)(1) so is subject to appellate review. *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 420 F. App'x 97, 98 (2d Cir. 2011). Upon interlocutory appeal, the denial of a motion for preliminary injunction is reviewed only for "abuse of discretion." *See Wall v. Constr. & Gen. Laborers' Union*, 80 F. App'x 714, 716 (2d Cir. 2003); *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 167 (2d Cir.2001). "A district court abuses its discretion when 'its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or . . . its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions.'" *Wall*, 80 F. App'x at 716 (quoting *Zervos*, 252 F.3d at 167).

### III.  Plaintiff's Motion for a Preliminary Injunction and/or TRO

With respect to the present motion, although defendants have not responded, the essential facts are not in dispute.[2] Moreover, the Court treats Plaintiff solicitously as a *pro se* party, assuming *arguendo* that for purposes of the motion he may demonstrate the facts he has alleged.  Accordingly, the Court resolves the motion on the record, without a hearing, based on the reasons set forth below.

**A.  Request for Relief Outside the Claims in the Complaint**

"Preliminary injunctive relief is available only to redress injuries that are related to the conduct giving rise to the complaint." *Torres v. UConn Health*, No. 3:17-CV-00325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  Therefore, if "the motion is unrelated to the underlying claims, preliminary injunctive relief is not warranted." *Torres*, 2017 WL 3713521, at *2.

In his current motion, Plaintiff requests relief with respect to Garner officials' recent interference with his attempts to keep light from entering his cell window (which allegedly triggers migraines and mental anxiety).  This request is wholly unrelated to the claims set forth in his Complaint, which were brought against officials at Corrigan.  In the present action, Plaintiff has pled a variety of Eighth Amendment claims for deliberate indifference to his serious medical needs – arthritis, bone degeneration, and a second degree burn on his right foot – while he was incarcerated at Corrigan.  However, at no point does he allege failure to treat migraines, mental anxiety, or a

---

[2] The Court notes that the response period for Plaintiff's motion expired on July 8, 2020, without any filing by defendants, who have not yet been served with the summons and complaint so have not yet appeared in the action. In any event, even if given notice of the motion, defendants would likely not respond because, as Corrigan rather than Garner officials, none of the present requests for preliminary injunction are addressed to them.  Put simply, the injunctive relief sought would impact only non-parties to the litigation.

concussion in any of his claims.

Moreover, the current motion seeks relief against officials at Garner who are not even named defendants in his current action. All defendants in the Complaint are officials who were employed at Corrigan during the period when Plaintiff was incarcerated there. Therefore, none of the officers against whom Plaintiff currently seeks injunctive relief in this motion is a party to the case. Accordingly, the Court will deny the motion as seeking relief outside the scope of Plaintiff's action.

**B. Failure to Meet the Requisite Standard for Preliminary Injunction and TRO**

    **1. Irreparable Harm**

Moreover, even if Plaintiff's alleged problem with migraines had fallen under one of his pending claims in the Complaint, Plaintiff's motion for a preliminary injunction and/or TRO does not meet the standard warranting preliminary injunctive relief due to the nature of the harm he has alleged. In the Second Circuit, a district court may only grant a preliminary injunction where a plaintiff demonstrates *irreparable harm* and meets either of two standards: "(a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635 (2d Cir.2019) (emphasis added), *cert. granted*, 140 S. Ct. 660, 205 L. Ed. 2d 418 (2019).

With respect to the issue of "irreparable harm," Plaintiff has alleged he suffers migraine headaches as a result of light entering his prison cell. A number of courts have held that "[h]eadaches and fatigue do not rise to the level of seriousness necessary to warrant a preliminary injunction . . . ." *Bellamy v. Mount Vernon Hosp.*, No. 07 CIV. 1801 (SAS), 2009 WL 1835939, at *7 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010). *See also*, *e.g., Monaco v.*

*Sawyer*, No. CIV.03-1051(JRT/RLE), 2003 WL 22283391, at *2 (D. Minn. Sept. 24, 2003) ("While migraine headaches are certainly painful, they are not usually irreparably debilitating."); *Hoskins v. Mezo*, No. 14-CV-1427-NJR-DGW, 2015 WL 6657364, at *2 (S.D. Ill. Nov. 2, 2015) (In an action where the prisoner sought preliminary injunction regarding, *inter alia*, migraines, district court stated, "[T]o the extent that Plaintiff argues that his headaches 'sometime [sic]' prevent him from seeing clearly out of his 'only good eye,' the Court understands that this would be a scary and frustrating issue to have, but it simply does not rise to the level of 'irreparable harm.'"); *Ellis v. Young*, No. CV 114-048, 2016 WL 7368196, at *1 (S.D. Ga. Nov. 21, 2016), *report and recommendation adopted*, No. CV 114-048, 2016 WL 7366089 (S.D. Ga. Dec. 19, 2016) ("Plaintiff has not shown irreparable harm will occur as a result of delay in treatment of 'migraine headaches'").

Also, in his motion, Plaintiff requests an order to be sent to "Gerald A. Valletta, M.D. at Garner" for treatment of a concussion. Plaintiff has alleged no facts in his Complaint to suggest he has suffered a concussion and failed to receive treatment. The only mention he made of hitting his head in his Complaint appears in his dismissed Eighth Amendment claim regarding seizure medication. In that claim, which is no longer pending, Plaintiff alleged that on July 23, 2019, he fainted and hit his head on his cell wall at Corrigan; and he was taken to Backus Hospital "for a scan of his head . . . and the results [were] good" – *i.e.,* there was no indication of a concussion. *See* Doc. 1 ("Complaint"), ¶¶ 15-16; Doc. 1-1, at 64 (Hartford Healthcare Backus Hospital CT Scan Report, dated 7/30/2019, showing CT scan of brain results: "no evidence of extra-axial fluid collection," "no mass or mass effect," "no evidence of hemorrhage or edema," and "Impression: Normal CT scan of the brain.").

Under these circumstances, Plaintiff has failed to demonstrate that he has suffered a

concussion, much less a sufficiently serious head injury to constitute irreparable harm. *See Miller v. UConn Corr. Managed Health Care*, No. 3:10-CV-616 RNC, 2013 WL 5963078, at *2 (D. Conn. Nov. 6, 2013) (holding mild concussion not to constitute a serious medical need); *Malsh v. Austin*, 901 F. Supp. 757, 762–63 (S.D.N.Y.1995) (summarizing cases, including those finding that a mild concussion and broken jaw, a kidney stone, and a broken finger did not satisfy the constitutional "serious medical need" standard).

The harm Plaintiff has alleged centers on migraines caused by bright light entering his cell window at Garner. Absent a showing of "irreparable harm," the Court may not grant a preliminary injunction or TRO.

**2. No Sufficiently Culpable State of Mind**

Furthermore, even if Plaintiff had sought relief within the scope of his claims and were able to show irreparable injury from his alleged migraines, he has failed to demonstrate either a likelihood of success on the merits or sufficiently serious questions going to the merits of any of his Eighth Amendment deliberate indifference to serious medical needs claims. That is because Plaintiff has failed to demonstrate that the prison officials at issue possessed culpable states of mind in allowing light to enter his cell.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state an Eighth Amendment claim, "a prisoner must allege two elements, one subjective and one objective." *Abrams v. Erfe*, No. 3:17-CV-1570 (CSH), 2018 WL 691714, at *5 (D. Conn. Feb. 2, 2018) (citing *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015)).

In the case at bar, even if Plaintiff were able to demonstrate the objective component – an injury objectively "harmful enough" or "sufficiently serious" to reach constitutional dimensions – he has failed to show that the defendant acted with a subjectively "sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Here, Plaintiff seeks injunctive relief against Garner prison officials who are not even parties to his action. However, even if Plaintiff amended his Complaint to include these officers as defendants in his action, Plaintiff presents no facts to demonstrate that Officer Williams, or any other correction officer he names, knew of his alleged susceptibility to migraines resulting from light and acted with subjective recklessness – *i.e.*, knew of and disregarded "an excessive risk" to plaintiff's health or safety. *Darnell v. Pineiro*, 849 F.3d 17, 32 (2d Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A defendant must know of and disregard an excessive risk. In other words, he must be actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

In the case at bar, Plaintiff's Complaint does not include an Eighth Amendment claim for deliberate indifference relating to a serious medical need for treatment of migraines. However, had he attempted to plead such a claim, his present allegations fail to demonstrate that any named official was aware of his alleged need for darkness and was subjectively deliberately indifferent to that need. His claim, as stated, would fail to state a plausible claim due to lack of the subjective element.

### III. CONCLUSION

The Court is sympathetic regarding Plaintiff's alleged discomfort with respect to suffering migraines and/or mental anxiety. However, under the law, "[n]ot all alleged deprivations of medical care, even when they cause pain, are sufficiently serious" to constitute a "serious medical need."

10

*Miller*, 2013 WL 5963078, at *2. Moreover, Plaintiff's discomfort fails to arise from any claims set forth in his Complaint, which address events that allegedly occurred during his prior incarceration at Corrigan, not his present incarceration at Garner. Plaintiff is advised that if he now requires medical assistance for headaches caused by light, he should request care directly from Garner's medical facility.

In his motion for injunctive relief, Plaintiff also demands an "outside neurologist" or "mental health doctor." However, he should be mindful that under the Eighth Amendment, prisoners are not entitled to select the form of medical treatment they receive. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Plaintiff must first address his problem to the Garner medical staff before seeking relief in the courts.

Finally, when a prisoner covers his cell window for a prolonged period of time, that act conflicts with the prison's duty to maintain safety and security. When considering a prisoner's right to cover his cell window, balancing that prisoner's right to privacy and the prison's need for security, the U. S. Supreme Court struck "the balance in favor of institutional security, which [they] noted is 'central to all other corrections goals.'" *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984) (quoting *Pell v. Procunier*, 417 U.S. 817, 823 (1974)). A prisoner's right of privacy "is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S. at 527-28. As the Second Circuit noted, "[i]nstitutional safety and security are perhaps a prison facility's most

important considerations." *Proctor v. LeClaire*, 846 F.3d 597, 610 (2d Cir. 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 546–47 (1979)).

For all of the foregoing reasons, Plaintiff's "Motion for a Preliminary Injunction and Temporary Restraining Order" [Doc. 16] is DENIED.

Dated: New Haven, Connecticut
       July 16, 2020

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge