UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK MELVIN SHERMAN,<br><br>                    Plaintiff,<br>   v.<br><br>ANTHONY CORCELLA; CARLA OCAMPO; MAHBOOB ASHRAF, M.D.; KARA PHILLIPS; DAWN LEE; JOHN DOE BALLARO; MICHAEL MCDONALD; JANINE BRENNAN; C/O JANE DOE SAGON; C/O JOHN DOE GRIGGS; C/O JANE DOE DIAZ; and DONNA L. ADAMS-CONAHAN;<br><br>                    Defendants, | Civil Action No.<br>3:19-cv-1889 (CSH)<br><br><br><br><br>SEPTEMBER 13, 2021 |

## ORDER RE: PLAINTIFF'S LETTER MOTION
## FOR SETTLEMENT CONFERENCE AND COPIES [Doc. 75]

**Haight, Senior District Judge:**

The Court is in receipt of Plaintiff's letter dated September 7, 2021, which the Court construes as a motion for referral to a Magistrate Judge for a settlement conference and a motion to obtain photocopies of pleadings in this case. First, as to a settlement conference, Plaintiff states that he has spoken with Defendants' counsel, Assistant Attorney General Robert Dearington,, and Plaintiff and Mr. Dearington are both "open" to participating in a settlement conference before a Magistrate Judge. In light of this representation, the Court hereby ORDERS Defendants to on or before **September 23, 2021**, submit a response to Plaintiff's letter to indicate whether they join in this request for a settlement conference. If the parties all agree to confer in an attempt to negotiate

1

settlement, the Court will refer the matter to a Magistrate Judge for that purpose.[1]

Second, in his letter Plaintiff requests replacement copies of legal papers he states were "lost" during his transfer to Corrigan-Radgowski Correctional Center ("C.R.C.C.") from Garner Correctional Institution. In particular, he states that he has written to the Clerk of the Court to obtain such copies. However, with respect to papers lost within the prison system, Plaintiff must fully exhaust his administrative remedies with the Department of Correction ("DOC") to locate or replace the papers.

Moreover, should such DOC remedies fail, Plaintiff is advised that he has "no constitutional right to free photocopies, and *in forma pauperis* status does not entitle him to free copies of documents in the court's file." *Damato v. Murphy*, No. 3:08CV855(SRU)(WIG), 2009 WL 581562, at *2 (D. Conn. Mar. 5, 2009) (internal citation omitted) (collecting cases). *See also, e.g., Michalski v. Semple,* No. 16-CV-2039 (VAB), 2017 WL 2450151, at *2 (D. Conn. June 6, 2017) ("Mr. Michalski's letter further requests that the Court provide him with a copy of the docket sheet for this case, which the Court construes as a motion for a free photocopy of the docket sheet. Parties do not have a constitutional right to free photocopies . . . ."); *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("As an initial matter, as some courts in this Circuit have concluded, an inmate has no constitutional right to free copies.") (internal citations omitted). The *in forma pauperis* statute, 28 U.S.C. § 1915, does not include the right to free copies of documents in the court record. *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir.1994) (Table), *cert. denied,* 514 U.S. 1118

---

[1] The Court notes that Plaintiff also states in his letter that he seeks a "global settlement on all cases and Defendants." Doc. 75, at 1. However, if Plaintiff has numerous cases pending, they are not consolidated with the present matter. To attempt to settle each of his cases, he must therefore request a referral for a settlement conference from each Judge to whom his other cases are assigned.

(1995). Accordingly, Plaintiff must pay copying fees for court documents or demonstrate his need to obtain them by filing a motion "explaining his need for the particular documents and attach[ing] evidence demonstrating his lack of funds." *Damato*, 2009 WL 581562, at *2.

Finally, as to Plaintiff's assertion that documents on the Court's docket will assist him in amending his Complaint, he is reminded of the standard of law applicable to a motion to amend. First, because more than "21 days [have elapsed] after service of a responsive pleading," in this case an Answer to the currently operative Complaint, Plaintiff can no longer amend as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(B). Rather, he must either obtain all opposing parties' "written consent or the court's leave" to amend. *Id.* 15(a)(2). Moreover, although courts "freely give leave [to amend] when justice so requires," *id.*, they are also compelled to deny a motion to amend when, for example, there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). At this juncture in the proceedings, discovery will soon close (by Oct. 1, 2021) and has, in any event, proceeded to the point where Plaintiff is willing to discuss settlement of his claims. Plaintiff is thus reminded to consider carefully whether attempting to add any new claims and/or defendants would be untimely, unduly prejudicial, or futile.

For the reasons discussed above, Plaintiff's motion for a settlement conference [Doc. 75] remains *sub judice*, pending the Defendants' response to Plaintiff's letter motion on or before **September 23, 2021**, indicating whether they agree to negotiate settlement with Plaintiff before a Magistrate Judge. Plaintiff's motion for photocopies of court records [Doc. 75] is DENIED without prejudice. He may renew the motion if he first exhausts his remedies to replace lost documents with

the DOC and then proves both his inability to pay for photocopies and a specific need for each court document requested.

    The foregoing is SO ORDERED.

    Dated: New Haven, Connecticut
          September 13, 2021

                                      */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge