UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK MELVIN SHERMAN,

                Plaintiff,

  v.

ANTHONY CORCELLA; CARLA
OCAMPO; MAHBOOB ASHRAF, M.D.;
KARA PHILLIPS; DAWN LEE; JOHN DOE
BALLARO; MICHAEL MCDONALD;
JANINE BRENNAN; C/O JANE DOE
SAGON; C/O JOHN DOE GRIGGS; C/O
JANE DOE DIAZ; and DONNA L.
ADAMS-CONAHAN;

                Defendants,

Civil Action No.
3:19-cv-1889 (CSH)

SEPTEMBER 14, 2021

## RULING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [Doc. 74]

**Haight, Senior District Judge:**

As discussed  below, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff's

pending "Motion for Leave to File An Amended Complaint" [Doc. 74] will be denied without

prejudice.  Under Rule 15(a)(2), Plaintiff may only amend his pleading "once as a matter of course

within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion under

Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B) .  Because Defendants

filed an Answer to the Complaint on September 18, 2020 [ Doc. 28],  Plaintiff may only amend with

the "written consent [of the Defendants] or [with] the court's leave" or permission. *Id.* 15(a)(2).

Absent a substantial reason to deny leave,  the court should freely grant leave to amend "when justice

so requires." *Id.  See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'") "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.  *See also Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) ("[T]he determination of whether to grant leave lies entirely within the court's discretion.") (citing *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994)).

In the case at bar, Plaintiff's motion to amend is deficient in that he has failed to append a proposed "Amended Complaint."  A request to amend should be made by motion pursuant to Federal Rule of Civil Procedure 15,  with the proposed amendment attached. *See State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (affirming district court's denial of leave to amend, imputing a "lack of  diligence and good faith" to plaintiff in part because plaintiff "did not file a proposed amended complaint" when it sought leave to amend); *Gulley*, 264 F.R.D. at 36 ("To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading."); *Peterson v. New York City Dep't of Educ.*, No. 18-CV-1515 (ILG), 2020 WL 2559835, at *12 n. 22  (E.D.N.Y. May 20, 2020) (same);  *Vaughn v. Cook*, No. 3:19CV1528 (AWT), 2021 WL 83464, at *2 (D. Conn. Jan. 11, 2021) ("[T]he court will deny the motion for leave to amend for reasons that concern the merits of the plaintiff's motion. First, he has failed to attach a copy of the proposed amended complaint, and therefore, the court cannot review the substance of the plaintiff's proposed new allegations."); *Chylinski v. Martin*

2

*Rosol's Inc.,* No. 3:08-CV-1231 (RNC), 2010 WL 2794198, at *1 n.2 (D. Conn. June 23, 2010) (motion to amend "denied for failure to submit a proposed Amended Complaint"); *Broga v. Northeast Utilities,* No. 96-CV-2114 (DJS), 1999 WL 33483581, at *6 (D. Conn. Aug. 19, 1999) ("Common sense dictates that a party requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in FED. R. CIV. P. Rule 8(a). This is necessary so that the court and the adverse party will know the precise nature of the pleading changes being proposed.") (citation and internal quotation marks omitted).

Here, the Court "den[ies] leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court has had an opportunity to review the substance of the proposed amendment," *Gulley,* 264 F.R.D. at 36 (internal citation omitted). Plaintiff is also reminded that, pursuant to Local Rule 7, "[a]ny motion involving disputed issues of law shall be accompanied by a memorandum of law," D. Conn. L. Civ. R. 7(a); and although he is not represented by counsel, it would assist the Court if Plaintiff were to file "a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading," *id.* 7(f).[1]

In addition, Plaintiff has suggested in his motion to amend that before he files an amended complaint, he needs to obtain "legal work [that] was lost" during his transfer to Corrigan-Radgowski

---

[1] The Court further notes that Plaintiff has failed to fulfill the requirement that he must, as the movant on the motion to amend: "include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s)." D. Conn. L. Civ. R. 7(f)(1).

Correctional Center.  Doc. 74, ¶ 5.   As directed by the Court in a contemporaneously filed Order [Doc. 76], Plaintiff must complete his attempts to regain his  property by utilizing Department of Correction procedures.  He is also not entitled to free photocopies of Court documents under 28 U.S.C. § 1915; he must pay copying fees for such documents or demonstrate his need to obtain them by filing a motion  "explaining his need for the particular documents and  attach[ing] evidence demonstrating his lack of funds."  *Damato v. Murphy*, No. 3:08CV855(SRU)(WIG), 2009  WL 581562, at *2 (D. Conn. Mar. 5, 2009) (collecting cases).

Finally, as to his present attempts to name new defendants, Plaintiff has referred to numerous correctional officers in his motion.  Doc. 74, ¶¶ 7-24.  As described *supra*, without a proposed amended complaint, the Court cannot determine whether these newly named individuals are intended as defendants in claims appearing in the original complaint (*e.g.*, perhaps individuals he was previously unable to identify) or as defendants in newly drafted claims.  Without viewing the amended pleading, the Court cannot  properly apply the standard of *Foman v. Davis*, 371 U.S. 178, 182 (1962), to resolve  whether any new claims and/or new defendants would be untimely, unduly prejudicial, or even futile at this stage of the proceedings.

On the present submissions, pursuant to Fed. R. Civ. P. 15(a)(2) and D. Conn. L. Civ. R. 7, the Court DENIES without prejudice Plaintiff's motion to amend [Doc. 74].  To renew his motion, Plaintiff must file  the appropriate documents (proposed amended complaint and legal memorandum) with his motion.  For that purpose, he is referred to Federal Rule 15 and Local Rule 7 of Civil Procedure.

As the Court cautioned in its accompanying Order, "discovery will soon close (by Oct. 1, 2021) and has, in any event,  proceeded to the point where Plaintiff is willing to discuss settlement

4

of his claims.  Plaintiff is thus reminded to consider carefully whether attempting to add any new

claims and/or defendants would be untimely, unduly prejudicial, or futile."  Doc. 76, at 3.

It  is SO ORDERED.

Dated: New Haven, Connecticut
       September 14, 2021

                                 */s/Charles S. Haight, Jr.*
                                 CHARLES S. HAIGHT, JR.
                                 Senior United States District Judge