**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FRANK MELVIN SHERMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>ANTHONY CORCELLA; CARLA OCAMPO;<br>MAHBOOB ASHRAF, M.D.; KARA<br>PHILLIPS; DAWN LEE; JOHN DOE<br>BALLARO; MICHAEL MCDONALD;<br>JANINE BRENNAN; C/O JANE DOE<br>SAGAN; C/O JOHN DOE GRIGGS; C/O<br>JANE DOE DIAZ; DONNA L. ADAMS-<br>CONAHAN;<br>                Defendants. | Civil Action No.<br>3:19-cv-1889 (CSH)<br><br><br><br><br>**SEPTEMBER 28, 2021** |

**RULING ON DEFENDANT BALLARO'S MOTION TO DISMISS**
**DEFENDANT LEE'S CROSS-CLAIM FOR INDEMNIFCATION [Doc. 69]**

Haight, Senior United States District Judge:

**I. INTRODUCTION**

In his Complaint, pursuant to 42 U.S.C. § 1983, Plaintiff Frank Melvin Sherman alleges

violation of his constitutional rights under the Eighth and First Amendments. Doc. 1. Specifically,

following the Court's "Initial Review Order," Sherman alleges the following remaining claims:

(1) Lieutenant John Doe Ballaro, Advanced Practitioner Registered Nurse ("APRN") Dawn Lee,

and Nurse Supervisor Kara Phillips demonstrated deliberate indifference to his need for medical

treatment and pain relief regarding his arthritis and bone degeneration; (2) Registered Nurse

("RN") Michael McDonald and RN Donna L. Adams-Conahan demonstrated deliberate

indifference to his need for medical treatment for a second degree burn on his right foot; (3) Lieutenant Ballaro used excessive force by dragging Plaintiff by the arms to the "Behavior Observation" cell in suicidal watch in September 2019; and (4) Lieutenant Ballaro retaliated against Plaintiff for complaining about Ballaro's employee misconduct. *See* Initial Review Order [Doc. 17], at 42. Each of these claims is brought against defendants in their individual capacities.

For the reasons articulated below, Lieutenant Ballaro's motion to dismiss will be granted. Unlike the individual defendants who are employed by the Department of Correction ("DOC"), defendant Dawn Lee -- a contract employee hired through a staffing company to work at a DOC facility -- is represented by private counsel.[1] Said counsel has filed a cross-claim on her behalf for common law indemnification against Lieutenant Ballaro. Doc. 61, ¶¶ 36-37. In response, Ballaro has moved to dismiss Lee's cross-claim. Doc. 69. Lee has not filed any opposition memorandum to Ballaro's motion to dismiss within the requisite twenty-one (21) day response period. *See* D. Conn. L. Civ. R. 7(a)2. ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion . . . ."). Nor has Lee filed a motion for extension of time to do so. *See id.* 7(b)3. ("All motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended . . . ."). The Court herein resolves Ballaro's motion to dismiss.

## II. BACKGROUND

In this action, Sherman has alleged that he suffers from chronic arthritis and "degenerated bone los[s]" in his spine, shoulders, and possibly other limbs. Doc. 1, ¶¶ 2-3. He claims that various named defendants have acted with deliberate indifference to these serious medical conditions.

---

[1] The Attorney General's Office has filed appearances for the DOC defendants Phillips, Ballaro, McDonald, and Adams-Conahan. *See* Doc. 27 (Appearance of Jessica Torres) (withdrawn upon her nomination to the Connecticut Superior Court); Doc. 43 (Appearance of replacement counsel, Robert S. Dearington).

Relevant to this motion, he asserts that Lee never examined him and deprived him of his medically necessary "arm sling" because she was "not going against custody for [him]." *Id.* ¶ 18.

In her cross-claim, Lee alleges that Lieutenant Ballaro "was negligent and/or violated Sherman's civil rights . . . on August 13, 2019," when he allegedly "told medical staff that there was nothing wrong with Sherman, and therefore, Nurse Practitioner Lee and Nurse [Carla] Ocampo took away [his] sling." Doc. 61, ¶ 36. According to Lee, Ballaro's negligence, acts, and omissions were allegedly the cause of Sherman's injuries "rather than her own" actions in taking away the sling. *Id.* ¶¶ 36-37.  Defendant Ballaro was allegedly "in control of the situation to the exclusion of Dawn Lee; and Dawn Lee did not know of such negligence, . . . acts, and omissions and had no reason to anticipate [them]." *Id.* ¶ 37.  Moreover, she believed that she "could reasonably rely on John Doe Ballaro to not be negligent and/or engage in acts and omissions that allegedly violated the plaintiff's civil rights." *Id.*

### III.  DISCUSSION

#### A.  Standard for Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556). Although detailed factual allegations are not required, the facts pleaded "must be enough to raise a right to relief above the speculative level."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

In reviewing a motion to dismiss under Federal Rule 12(b)(6) of Civil Procedure, the Court "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Dismissal should be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir. 2001) (citation and internal quotation marks omitted). Importantly, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *County of Suffolk v. First Am. Real Estate Sols*., 261 F.3d 179, 187 (2d Cir. 2001) (citation omitted).

**B.  Lee's Cross-Claim for Common Law Indemnification**

Lee seeks common law indemnification for Lieutenant Ballaro's alleged negligence and/or violation of Sherman's civil rights. Doc. 61, ¶¶ 36-37.  In response, Ballaro argues that Lee's indemnification claim against him is not cognizable under Connecticut common law.

"By definition, common law indemnification applies only to liability based on negligence." *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, No. 3:05-cv-0664 (CFD), 2008 WL 2951865, at *4 n.10 (D. Conn. July 31, 2008) (collecting cases).  *See also Associated Constr. / AP Constr., LLC v. Hanover Ins. Co.,* No. 3:15-CV-1600 (MPS), 2018 WL 3998972, at *5 (D. Conn. Aug. 21, 2018) (holding that common law indemnification does not apply to intentional conduct; discussing state decisional law).

In particular, to assert a common law indemnification claim under Connecticut law, a defendant/third-party plaintiff must allege that: "(1) the party against whom the indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and the resulting injuries and death;

(3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent." *Smith v. City of New Haven*, 258 Conn. 56, 66 (2001). A plaintiff may only prevail on a claim for common law indemnification against another tortfeasor who is liable for negligence. *Crotta v. Home Depot, Inc.*, 249 Conn. 634, 642 (1999) (holding that common law indemnification claim was barred against individual who could not be liable for negligent supervision due to parental immunity defense).

In the instant case, Lieutenant Ballaro cannot be held liable for negligence because he is a state employee. State employees are protected from negligence lawsuits in their individual capacities under Connecticut General Statutes § 4-165(a), which provides that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton or reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." *See also, e.g., Devine v. Fusaro,* 205 Conn. App. 554, 566 (2021) ("The policy interest underlying the legislature's grant of statutory immunity pursuant to § 4-165 is 'the protection of state employees from liability for negligent acts that occur in the course of employment.'") (quoting *Hunte v. Blumenthal,* 238 Conn. 146, 153 (1996)); *Miller v. Egan*, 265 Conn. 301, 333 (2003) ("In enacting § 4–165, the legislature abrogated the previously existing common-law liability of state employees for their negligent acts performed in the course of their duties."); *McKinley v. Musshorn*, 185 Conn. 616, 621 (1981) (noting that "General Statutes § 4-165 was intended to grant state employees immunity").

Specifically, with respect to negligence, § 4-165 raises "a shield from the claims against [state employee defendants] in their individual capacities." *Devine*, 205 Conn. App. at 567

(citation and internal quotation marks omitted).  The policy behind the statute "recognizes the reality that people would be reluctant to take on the responsibilities inherent in many state positions if they could be held liable in the event that they acted negligently." *Id.* at 566–67.

In the case at bar, Lee seeks common law indemnification against Ballaro, a corrections officer and thus state employee, in his individual capacity.  As discussed *supra*, the core of an indemnification claim is the essential element of negligence by the party against whom indemnification is sought.  *Smith*, 258 Conn. at 66.  Pursuant to Conn. Gen. Stat. § 4-165, Ballaro cannot be sued for negligence while acting within the scope of his employment.  When he directed Plaintiff to Lee for medical care in August 2019, Ballaro was acting within the scope of his employment.  Accordingly, he is shielded from liability for any negligent acts he committed in carrying out that duty.

Furthermore, as a procedural matter, Lee has failed to respond or object to Ballaro's motion to dismiss within the requisite twenty-one (21) day period; and such "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion," absent pleadings that would provide "sufficient grounds to deny the motion."  D. Conn. L. Civ. R. 7(a)1-2.  Here, there are no pleadings that favor denying the motion; and statutory and common law favor granting it.

Accordingly, upon review of the pending motion's merits, and absent objection, the Court will grant Ballaro's motion to dismiss [Doc. 69] Lee's cross-claim for common law indemnification.

## IV.  CONCLUSION

For the foregoing reasons, Ballaro's motion to dismiss [Doc. 69] is GRANTED.  Lee's cross-claim for common law indemnification against Ballaro is DISMISSED.

It is **SO ORDERED**.

Dated: New Haven, Connecticut
        September 28, 2021

                                      /s/Charles S. Haight, Jr.
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge